**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-1330**

GILBERTO DE JESUS ALBANEZ SANDOVAL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 10, 2022                                Decided: May 18, 2022

Before HARRIS, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

**ON BRIEF:** Evan J. Law, GAYHEART & WILLIS, P.C., Culpeper, Virginia, for Petitioner. Brian M. Boynton, Acting Assistant Attorney General, Derek C. Julius, Assistant Director, Katherine S. Fischer, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gilberto de Jesus Albanez Sandoval, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's (IJ) decision denying his applications for asylum and withholding of removal. We have reviewed the record, including the transcript of Albanez Sandoval's merits hearing before the immigration court and all supporting evidence. We conclude that we lack jurisdiction to review the IJ's finding, affirmed by the Board, that Albanez Sandoval's asylum application is time-barred and that no exception excused the untimely filing. *See* 8 U.S.C. § 1158(a)(3); *Salgado-Sosa v. Sessions*, 882 F.3d 451, 459 (4th Cir. 2018).

We likewise find that we lack jurisdiction to review the denial of withholding of removal, where Albanez Sandoval failed to exhaust, before the Board, a dispositive, independent basis cited by the IJ for denying relief. An alien must exhaust "all administrative remedies available to the alien as of right" before filing a petition for review of a final order of removal. 8 U.S.C. § 1252(d)(1). An alien who fails to raise a particular claim before the Board fails to exhaust that claim. *See Tiscareno-Garcia v. Holder,* 780 F.3d 205, 210 (4th Cir. 2015). This court has "no authority" to consider issues not raised before the Board. *Cedillos-Cedillos v. Barr*, 962 F.3d 817, 823 n.3 (4th Cir. 2020); *see also Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019) (stating that "when a petition contains an argument that has never been presented to the [Board] for consideration, [this court] lack[s] jurisdiction to consider it even if other arguments in the petition have been exhausted").

Finally, Albanez Sandoval contends that the IJ violated his due process rights by improperly continuing with his July 13, 2020, hearing after it was revealed that he had tested positive for COVID-19 and had flu-like symptoms. To establish a due process violation during removal proceedings, an alien must show: (1) "that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." *Anim v. Mukasey*, 535 F.3d 243, 256 (4th Cir. 2008). The record discloses that the IJ questioned Albanez Sandoval about how he was feeling and whether he was able to fully participate in his hearing and that Albanez Sandoval responded affirmatively. Counsel stated that she had no concerns about going forward and did not request a continuance. Moreover, there is no indication that the outcome of the hearing was prejudiced. We therefore find this claim to be unavailing.

Accordingly, we dismiss in part, and deny in part, the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART AND DENIED IN PART*